| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>Edmond M. George, Esquire<br>Michael D. Vagnoni, Esquire<br>(pro hac vice forthcoming)<br>1120 Route 73, Suite 420<br>Mount Laurel, NJ 08054-5108<br>Telephone: (856) 795-3300<br>Facsimile: (856) 482-0504<br>E-mail:   edmond.george@obermayer.com<br>           michael.vagnoni@obermayer.com<br><br>Proposed Counsel to the Debtor<br>and Debtor in Possession | |
| In re:<br><br>KIMO TILE @ MARBLE, LLC,<br><br>                                  Debtor. | Chapter 11<br><br>Case No. 24- _____ - (   ) |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**Introduction**

The Schedules of Assets and Liabilities (collectively, the "<u>Schedules</u>") and Statements of Financial Affairs (collectively, the "<u>Statements</u>," and, together with the Schedules, the "<u>Schedules and Statements</u>") filed by KIMO Tile @ Marble LLC ("<u>KIMO</u>") as debtor and debtor-in-possession (collectively, the "<u>Debtor</u>") in the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>"), were prepared in accordance with section 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") by management of the Debtor, with the assistance of the Debtor's professional advisors, and are unaudited.

Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules and Statements (the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global

1

4859-2802-2766 v1

Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.**

## Global Notes and Overview of Methodology

1. **General Reservation of Rights.** Although the Debtor's management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtor reserves all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("Claim") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtor's rights with respect to this chapter 11 case, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. **Description of Case and "As Of" Information Date.** On October 9, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtor continues to operate its business and manage its assets as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case. Unless otherwise stated herein, assets and liabilities are reported as of the Petition Date.

3. **Basis of Presentation.** The Schedules and Statements purport to reflect the assets and liabilities of the Debtor. The Debtor reserves all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights. Information contained in the Schedules and Statements has been derived from the Debtor's books and records. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally

2

        Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

4. **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtor's books and records. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

5. **Amendments and Supplements; All Rights Reserved.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; inadvertent errors or omissions, however, may exist. The Debtor reserves all rights, but is not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

6. **Currency.** All amounts are reflected in U.S. dollars. Amounts originally denominated in foreign currencies have been converted to US dollar equivalents in accordance with the Debtor's pre-filing accounting practices.

7. **Recharacterization.** Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtor reserves all rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate.

8. **Claims of Third-Party Entities.** Although the Debtor has made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtor has not been able to fully reconcile all payments made to certain third-party entities on account of the Debtor's obligations to both such entity and its affiliates. Therefore, to the extent that the Debtor has classified its estimate of Claims of a creditor as disputed, for example, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are individually designated as such.

9. **Liabilities.** The Debtor allocates liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available, and further research is conducted, particularly with respect to the Debtor's payable accounts, the allocation of liabilities between the prepetition and post-petition periods may change. The Debtor reserves the right to, but is not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

3

4859-2802-2766 v1

        The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

10. **Executory Contracts and Unexpired Leases.** The Debtor has not set forth executory contracts or unexpired leases as assets in the Schedules and Statements. The Debtor's executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtor has made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

11. **Claims Description.** Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtor reserves all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated." In addition, the Debtor reserves its rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

12. **Causes of Action.** Despite its reasonable efforts, the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in its Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtor reserves all of its rights for any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

13. **Undetermined Amounts.** Claim amounts that could not readily be quantified by the Debtor are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

14. **Estimates.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtor reserves all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

15. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all of its rights with regard to such credits,

4

allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

16. **Setoffs**. The Debtor incurs certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, negotiations and/or disputes between the Debtor and its vendors and customers. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

17. **Global Notes Control.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

18. **Confidentiality:** There may be instances in the Schedules and Statements where the Debtor has deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtor has used this approach because of an agreement between the Debtor and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

## General Disclosures Applicable to Schedules

19. **Classifications.** Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's right to recharacterize or reclassify such Claim or contract.

20. **Schedule A/B - Real and Personal Property.**

    a)   Schedule A/B.3. Bank account balances are as of the end of business on Petition Date.

    b)   Schedule A/B.8. Prepaid balances are as of the end of business on Petition Date.

    c)   Schedule A/B.11. Accounts Receivable balances are as of the end of business on Petition Date.

21. **Schedule E/F— Creditors Holding Unsecured Claims.** The Debtor has used reasonable efforts to report all general unsecured Claims against the Debtor on Schedule E/F based upon the Debtor's existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. In addition, the Claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the

5

amounts entered on the Debtor's books and records and may not reflect credits, rebates, or allowances due from such creditors to the Debtor. The Claims and amounts listed in respect of certain trade payables reflect amounts owed as of the Petition Date.

The Debtor may pay additional Claims listed on Schedule E/F during this chapter 11 case pursuant to these and other orders of the Bankruptcy Court and reserves all of its rights to update Schedule E/F to reflect such payments. In addition, certain Claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule E/F also contains information regarding pending litigation involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" or "unknown" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

22. **Schedule G — Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases, which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of business. Such documents may not be set forth on Schedule G. Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

The Debtor reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect on the Petition Date or is valid and enforceable, and the Debtor reserves all rights in that regard, including, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

## General Disclosures Applicable to Statements

23. **Question 3.** For certain creditors receiving payment, the Debtor maintains multiple addresses for such vendor. Efforts have been made to attribute the correct address, however, in certain instances, alternate addresses may be applicable for a party listed in response to Question 3.

4859-2802-2766 v1

24. **Question 4.** For purposes of the Schedules and Statements, the Debtor defines insiders as individuals that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over the Debtor so as to dictate corporate policy and the disposition of assets. The Debtor does not take any position with respect to (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtor reserves all rights to dispute whether someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

25. **Question 7.** The Debtor reserves all its rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtor of any liabilities or that the actions or proceedings were correctly filed against the Debtor. The Debtor also reserves its rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

26. **Question 10.** The Debtor has made best efforts to collect applicable and responsive information however, certain *de minimis* losses, which are not tracked separately, may have been omitted.

27. **Question 13.** While the Debtor has made reasonable efforts to respond comprehensively to Question 13, certain *de minimis* asset sales and transfers may be omitted unintentionally. In addition, the Debtor regularly sells certain non-core assets, including certain tile, marble. Adhesives, and related personal property assets to 3rd parties in the ordinary course of business. Accordingly, such dispositions made in the ordinary course of business have not been reflected in Question 13.

4859-2802-2766 v1